**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SHANIQUA JACKSON,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　**Case No. 8:14-cv-2451-T-33TBM**

**GLOBAL TPA, LLC,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's [Second] Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 10), which is construed as a motion for leave to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915. While her affidavit reveals Plaintiff possibly lacks the resources necessary to pay the filing fee for this action,[1] I find that the Amended Complaint (Doc. 8) fails to state a claim and therefore I recommend that the Court dismiss this action.

I.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

---

[1] Plaintiff again reports take-home pay of $1,700 biweekly, or $850 a week, $3,683.34 a month, and $44,200 a year. (Doc. 10 at 1). In her last affidavit, she reported approximately $3,433 in monthly expenses (Doc. 3), and now reports approximately $3,610 in monthly expenses as well as an outstanding debt to PNC Bank for $648. (Doc. 10 at 2). Plaintiff's monthly expenses include, among other things, $385 to GM Financial, $200 for gas, and $180 for transportation insurance. *Id.* While Plaintiff does not list an automobile in her instant affidavit, in her initial filing she listed a Dodge Nitro valued at $12,100, for which she purportedly owes $15,800. (Doc. 3 at 3).

requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). This provision tracks the language of Federal Rule of Civil Procedure 12(b)(6) and this circuit applies Rule 12(b)(6) standards in reviewing dismissals under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). In determining whether the plaintiff has stated a claim on which relief may be granted, the court must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). While the complaint does not need detailed factual allegations, the allegations must be enough to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555-56.

The court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

II.

According to the allegations in the Amended Complaint, Plaintiff worked as a Compliance Internal Auditor for Defendant from June 2012 until she was fired in August 2013. Plaintiff sues Defendant for retaliating against her after she reported:

> improper governmental activities as it relates to the completion of internal audits related to Medicare/Medicaid Grievances and Appeals, and provider claim payment processing requirements federally regulated by the Center for Medicare Services (CMS), as in 42 C.F.R.438; 42 C.F.R 422.503(b)(4)(vi)(A),(D); and 422.504 (b)(4)(vi)(A),(D), as it relates to retaliation of good faith reporting of unethical and/or illegal activities within the Managed Care Program.

(Doc. 8 at 3). Plaintiff alleges that prior to her "whistleblowing of unethical changes to internal audit reports to omit, change and dismiss illegal or unethical practices for claim processes and appeal and grievances processes to [her] supervisor. . .," she was never reprimanded. (Doc. 8 at 4). Thereafter, she made other complaints of being asked to do unethical tasks related to compliance audits. Seemingly, as a consequence, she alleges that her work station was relocated to a cubicle under a camera, she was denied FLMA leave related to her mother, she received less internal audits, her work assignments were changed, and ultimately she was terminated, ostensibly for insubordination. (Doc. 8 at 4-5). Plaintiff seeks certain non-monetary relief from Defendant, lost wages, and punitive damages. Apart from the regulations cited above, Plaintiff does not cite any other federal (or state) law in support of her claim.

Upon consideration, I am constrained to conclude that the Amended Complaint fails to state a cognizable cause of action and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). As before, Plaintiff only cites federal regulatory provisions in support of

her allegations. A review of those provisions fails to demonstrate that an individual cause of action of action for retaliation exists under any of them for an employee such as Plaintiff. Additionally, even if the allegations are construed as an attempt to assert a whistleblower claim under the anti-retaliation provision of the False Claims Act (FCA), 31 U.S.C. § 3730(h), a private individual cannot maintain a *qui tam* suit under the FCA as a *pro se* relator in this circuit. *See Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008). A district court lacks subject matter jurisdiction over a *qui tam* claim based on the FCA where the individual bringing the claim proceeds *pro se*. *See Timson*, 518 F.3d at 874. Finally, I do not read the allegations as asserting an FMLA interference claim, and Plaintiff does not allege she was retaliated against in connection with any FMLA related activity. In short, Plaintiff's allegations are insufficient to identify this Court's jurisdiction or to ascertain the nature of her claim(s).

### III.

For the reasons set forth above, I recommend that the Court **DISMISS** the Amended Complaint (Doc. 8) and **DENY** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 10). It is further recommended that the Clerk be directed to close this case.

> Respectfully submitted on this
> 17th day of December 2014.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
Pro se Plaintiff